HOWARD NOLAN, BY MARTHA HARRIS, NEXT FRIEND, APPELLANT, v. ETHEL DAVIS AND STATE MUTUAL LIABILITY COMPANY, RESPONDENTS.

Submitted July 5, 1920—Decided November 15, 1920.

1. Where a jitney bus going at a proper rate of speed along a city street in the daytime had the right of way at a street crossing under the provisions of the Motor Vehicle act as against a bicycle traveling on the cross street, and the boy on the bicycle, who had an unobstructed view, stopped and dismounted before crossing and saw the jitney coming seventy-five feet away, and then when the jitney was only twenty-five feet away suddenly remounted his bicycle and attempted to cross ahead of the jitney, which struck his rear wheel—*Held*, in a suit for damages for the injury that a nonsuit was properly granted.

2. It appearing that the defendant driver of a jitney bus, while driving at a proper rate of speed on the right side of the street, had the right of way at a street crossing against the plaintiff approaching on his bicycle from the left on the cross street, the plaintiff in suing defendant to recover for a collision must, in order to avoid a nonsuit, sustain the burden of showing circumstances from which a jury would be justified in finding that defendant saw or should have seen in time to avoid the collision that plaintiff appeared not to be going to respect defendant's right of way.

On appeal from the Hudson County Circuit Court.

For the appellants, *Kalisch & Kalisch*.

For the respondents, *O'Regan & Egan*.

The opinion of the court was delivered by

WHITE, J. The plaintiff, a grocer's delivery boy sixteen years old, while returning from a delivery trip in the daytime, was riding his bicycle east on Jewett avenue and upon reaching Bergen avenue, which intersects it at right angles, he stopped, got off his wheel, looked both ways, and saw de-

fendant's jitney, seventy-five feet away, approaching, going north, on the other side of. Bergen avenue, which he testified was about twenty-six feet wide. He then got on his bicycle and attempted to cross Bergen avenue in front of the jitney, which, however, struck his rear wheel, causing him to be thrown and his leg hurt so that he lost twenty-seven days' work, four of which he spent in bed. He testified that when he remounted his bicycle, after stopping as above stated, and was starting to cross in front of the jitney, which he admits he saw approaching, the jitney was only twenty-five feet away. There is no evidence that the jitney was going at an improper rate of speed. The learned trial judge granted a nonsuit and we think he was right in so doing.

This is not a case, as in *Pool* v. *Brown,* 89 *N. J. L.* 314, where a pedestrian, stepping out into the street from between two vehicles parked at the curb, was hit by an automobile which he had failed to see when he looked before starting to cross because it was, as indicated by the evidence, then hidden by a horse-drawn wagon, from behind which it "spurted" and negligently ran into the pedestrian; nor is it a case like *Thornton* v. *Cater,* 94 *Id.* 435, where the approaching automobile which the pedestrian saw on a forty-feet-wide street, was three hundred feet away when she started to cross. In both of those cases a jury question was involved both as to the negligence of the defendant and as to the contributory negligence of the plaintiff.

But in the present case there is nothing to charge the defendant with negligence; and much to charge the plaintiff with contributory negligence. The defendant was not speeding; he was on the proper side of his street; he clearly, under the undisputed circumstances, had the right of way as against the plaintiff under the provisions of the Motor Vehicle act, and instead of his seeing that the plaintiff was "not yielding this right," as in *Earle* v. *Consolidated Traction Co.,* 64 *N. J. L.* 573, and in *Erwin* v. *Traud,* 90 *Id.* 289, the plaintiff obviously did yield it by stopping and dismount-

ing from his bicycle before attempting to cross and then only remounted and started to cross when the jitney was but twenty-five feet away. Of course, it is perfectly obvious and is a matter of common knowledge that there was in that small space no opportunity for the defendant to observe plaintiff's apparent sudden change of purpose in time to either alter the course of the jitney or to check it so as to avoid a collision. Ordinarily, in fact in nearly all instances, as has been frequently said, a street collision involves a jury question, but in the peculiar circumstances of the present case, we can see no question of fact nor of fact inference, under the evidence, for a jury to decide. The defendant having the right of way and not driving at an improper rate of speed, the burden was upon the plaintiff to show circumstances from which the jury would have been justified in finding that defendant saw, or should have seen in time to have avoided the collision, that plaintiff appeared not to be going to respect defendant's right of way, and this burden plaintiff clearly failed to sustain. There was no conflict of testimony because under stipulation of counsel only the testimony of the plaintiff himself was printed. He is taken at his own word and that shows he was properly nonsuited.

The judgment is affirmed.

*For reversal*—None.